# STATE OF MICHIGAN

# COURT OF APPEALS

PETER BORMUTH,

       Plaintiff-Appellant,

UNPUBLISHED
October 21, 2014

v

WEST BAY EXPLORATION COMPANY,

       Defendant-Appellee.

No. 316298
Jackson Circuit Court
LC No. 12-001559-CE

Before: SAAD, P.J., and O'CONNELL and MURRAY, JJ.

PER CURIAM.

Plaintiff appeals the trial court's order that granted defendant's motion for summary disposition under MCR 2.116(C)(10). For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff sued defendant under MCL 324.1701, a provision of the Michigan Environmental Protection Act (MEPA), to obtain an injunction on defendant's proposal to drill and operate a waste disposal well. Plaintiff alleged that the drilling process would cause a complex chemical reaction underground, and contaminate drinking water in the area. To support his theory, plaintiff submitted numerous scientific documents that purportedly showed such a chemical reaction was likely to occur. However, plaintiff was unable to provide an expert witness to testify on the accuracy of the scientific literature, despite multiple deadline extensions from the trial court. Because of plaintiff's failure to do so, the trial court granted summary disposition to defendant under MCR 2.116(C)(10).

On appeal, plaintiff argues that the trial court erred when it granted summary disposition to defendant because he raised a genuine issue of material fact. He also says that the trial court abused its discretion when it: (1) did not allow him to testify as a lay witness on the scientific documents; and (2) refused to appoint and compensate an expert witness to testify on the scientific documents.[1]

---

[1] Plaintiff also wrongly claims that the Michigan Constitution requires the judiciary to protect underground and surface waters from pollution. Because plaintiff did not preserve this issue for

## II. STANDARD OF REVIEW

A trial court's grant or denial of summary disposition is reviewed de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). When we evaluate a motion for summary disposition brought under MCR 2.116(C)(10), we consider the "affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *Id*. at 120 (citation omitted).

"We review the decision whether to appoint an expert for an abuse of discretion." *People v Lueth*, 253 Mich App 670, 689; 660 NW2d 322 (2002). "[A] trial court's rulings concerning the qualifications of proposed expert witnesses to testify" are also reviewed for an abuse of discretion. *Woodward v Custer*, 476 Mich 545, 557; 719 NW2d 842 (2006). "[A]n abuse of discretion standard acknowledges that there will be circumstances in which there will be no single correct outcome; rather, there will be more than one reasonable and principled outcome." *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006) (internal quotation marks and citation omitted). A trial court abuses its discretion if it does not select from this range of principled outcomes. *Id*.

## III. ANALYSIS

### A. MEPA

MCL 324.1701(1) states that:

> The attorney general or any person may maintain an action in the circuit court having jurisdiction where the alleged violation occurred or is likely to occur for declaratory and equitable relief against any person for the protection of the air, water, and other natural resources and the public trust in these resources from pollution, impairment, or destruction.

The only determinative statutory requirement in evaluating a prima facie MEPA violation is "whether the defendant's conduct will, in fact, pollute, impair, or destroy a natural resource." *Preserve the Dunes, Inc v Dep't of Environmental Quality*, 471 Mich 508, 517 n 5; 684 NW2d 847 (2004). Accordingly, to bring an action under MCL 324.1071 that will survive summary disposition, a plaintiff must show that the alleged violation "will, in fact, pollute, impair, or destroy a natural resource." *Id*.

Here, plaintiff unconvincingly argues that the scientific documents he presented create a genuine issue of material fact as to whether defendant's proposed waste disposal well will

appellate review, we need not address it. *Booth Newspapers v Univ of Mich Bd of Regents*, 444 Mich 211, 234; 507 NW2d 422 (1993). And, in any event, his argument is completely inaccurate—the section he cites mentions that the Legislature, not the judiciary, "shall provide for the protection of . . . water and other natural resources of the state from pollution, impairment, and destruction." Const 1963, art IV, § 52.

contaminate drinking water. Without an expert witness to attest to the scientific and factual basis for his assertions, plaintiff's legal theory is entirely speculative. Because plaintiff offered no other evidence that defendant's drilling operation will likely pollute, impair, or destroy a natural resource, he has failed to make a prima facie showing that defendant violated MCL 324.1701(1). The trial court therefore correctly granted defendant's motion for summary disposition under MCR 2.116(C)(10).

## B. MRE 702

MRE 702 governs the appointment of expert witnesses at trial. In full, it reads:

> If the court determines that scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Here, the trial court properly determined that plaintiff's proffered documents on complex chemical reactions occurring below ground involved a "scientific, technical, or other specialized knowledge." Accordingly, the trial court needed an expert witness to understand the literature. As the trial court correctly held, plaintiff is manifestly not "qualified as an expert by knowledge, skill, experience, training, or education" to testify on the scientific studies he presented. Plaintiff's arguments to the contrary are simply wrong and without merit.[2]

## C. MRE 706

MRE 706(b), which governs the compensation of expert witnesses, states that:

> The compensation [for expert witnesses] is payable from funds which may be provided by law in criminal cases and civil actions and proceedings involving just compensation under the Fifth Amendment. In other civil actions and proceedings the compensation shall be paid by the parties in such proportion and at such time as the court directs, and thereafter charged in like manner as other costs.

---

[2] Plaintiff also makes the inapposite and wrongheaded assertion that the trial court should have allowed him to testify under the catchall exception to the hearsay rule under MRE 803(24). Plaintiff's lay testimony on the contents of his proffered scientific studies would not have been "more probative on the point for which it is offered than any other evidence that [plaintiff] can procure through reasonable efforts." MRE 803(24). The testimony of an expert witness would have been much more probative than plaintiff's testimony on this issue, and his argument therefore has no merit whatsoever.

Here, plaintiff's action is neither a criminal proceeding, nor is it a civil action that involves the Fifth Amendment. Accordingly, compensation for expert witnesses must be provided "by the parties." The trial court thus properly rejected plaintiff's demand that the state appoint and pay for an expert witness.

Affirmed.

/s/ Henry William Saad
/s/ Peter D. O'Connell
/s/ Christopher M. Murray